UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARWIN A. SPEARS, | ) Case No. CV 12-3997 FMO (JC) |
| Plaintiff, | ) ORDER DISMISSING ACTION WITHOUT PREJUDICE |
| v. | ) |
| CITY OF LOS ANGELES, et al., | ) |
| Defendants. | ) |

On May 16, 2012, plaintiff Darwin A. Spears ("plaintiff"), who is proceeding *pro se*, was then in custody, and has been granted leave to proceed *in forma pauperis*, filed a Complaint raising multiple claims against multiple defendants ("Complaint"). The Complaint reflects that plaintiff's address was then: 441 Bauchet Street, Los Angeles, CA. 90012 ("Men's Central Jail"). On May 18, 2012, the court issued an Initial Order which, among other things, advised plaintiff of his obligation to immediately notify the court of any address change and cautioned that plaintiff's failure to provide the court with his current address may result in the dismissal of this case for lack of prosecution.

On August 27, 2012, plaintiff filed a notice which, among other things, advised the court that he had been moved to the Twin Towers Correctional Facility and that his new address was 451 Bauchet Street, Los Angeles, CA 90012 ("Address of Record"). On September 18, 2012, plaintiff filed another notice of change of address, indicating

that he had been returned to the Men's Central Jail. On October 17, 2012, plaintiff filed a response to an Order to Show Cause which reflects that he had again been moved to the Twin Towers Correctional Facility at the Address of Record.

Defendants thereafter appeared in this action and filed a Motion to Dismiss the Complaint. On July 16, 2013, the court issued an order ("July Order") advising plaintiff that the Complaint was deficient for reasons described in the July Order, dismissing the Complaint with leave to amend pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b), affording plaintiff an opportunity to file a First Amended Complaint by August 5, 2013 if he intended to pursue this matter, and denying defendants' Motion to Dismiss the Complaint as moot.[1] The July Order further cautioned plaintiff that the failure timely to file a First Amended Complaint may result in the dismissal of this action with or without prejudice on the grounds set forth therein and/or for failure diligently to prosecute. The July Order was initially inadvertently sent to plaintiff at the Men's Central Jail (rather than at his Address of Record) and on July 29, 2013, it was returned undelivered by the Postal Service.

On August 14, 2013, after it was determined that the July Order had not been served upon plaintiff at his Address of Record, the court ordered the Clerk to re-serve plaintiff with the July Order (which was attached) at his Address of Record and extended plaintiff's deadline to file a First Amended Complaint to September 3, 2013 ("August Order"). The August Order cautioned plaintiff that the failure timely to file a First Amended Complaint may result in the dismissal of this action with or without prejudice on the grounds set forth in the July Order and/or for failure diligently to prosecute. On August 27, 2013, the August Order that was sent to plaintiff at his

---

[1] Specifically, the court advised plaintiff, albeit in greater detail and with citation to authorities, that: (1) claims predicated upon a violation of a settlement in a different case were not appropriate for adjudication in this action; (2) plaintiff failed to allege plausible/viable federal claims against defendants that were not barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); and (3) absent a viable federal claim against any defendant, the court was without supplemental jurisdiction to consider plaintiff's state law claims.

Address of Record was returned undelivered.

Pursuant to Local Rule 41-6, a party proceeding *pro se* is required to keep the court apprised of his current address at all times. Local Rule 41-6 provides in pertinent part:

> A party proceeding *pro se* shall keep the Court and opposing parties apprised of such party's current address and telephone number, if any, and e-mail address, if any. If mail directed by the Clerk to a *pro se* plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution.

In the instant case, more than fifteen (15) days have passed since the August Order (to which the July Order was attached) was issued and returned by the Postal Service. To date, plaintiff has not notified the court of his current address. Nor has plaintiff filed a First Amended Complaint – something which may be attributed to his non-receipt of the July and August Orders.

The court has the inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions for failure to prosecute. See Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962). In determining whether to dismiss an action for lack of prosecution, a court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988); Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).

The court finds that the first two factors – the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket, weigh in favor

of dismissal. The court cannot hold this case in abeyance indefinitely based on plaintiff's failure to notify the court of his correct address. See Carey, 856 F.2d at 1441 ("It would be absurd to require the district court to hold a case in abeyance indefinitely just because it is unable, through plaintiff's own fault, to contact the plaintiff to determine if his reasons for not prosecuting his lawsuit are reasonable or not."). The third factor, risk of prejudice to defendants, also weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor, the public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, given the court's inability to communicate with plaintiff based on his failure to keep the court apprised of his current address, no lesser sanction is feasible. See Musallam v. United States Immigration Service, 2006 WL 1071970 (E.D. Cal. Apr. 24, 2006).

Accordingly, it is ORDERED that this action is dismissed without prejudice for lack of prosecution.[2]

Dated this 19th day of September, 2013.

_____/s/_____
HONORABLE FERNANDO M. OLGUIN
UNITED STATES DISTRICT JUDGE

---

[2]On September 4, 2013, defendants filed another motion to dismiss based on plaintiff's failure timely to file a First Amended Complaint. In light of the dismissal of this action for lack of prosecution, such motion is moot and is denied as such.